IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FREDRICK BROOKS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| ENDRESS+HAUSER INC., | ) | COMPLAINT |
| | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

## **COMPLAINT**

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 (Title VII) and Title I of

the Civil Rights Act of 1981 to correct unlawful employment practices on the basis of race.

Jurisdiction is based on 28 U.S.C. § 1331 to provide appropriate relief to Plaintiff Fredrick

Brooks, Jr. (hereinafter "Brooks" referred as "Employee" or "Plaintiff") who was adversely

affected by such practices.  The Plaintiff is a former employee of Defendant Endress+Hauser

Inc., (hereinafter "Endress" or "Employer" or "Defendant"), and an African-American man who

was subjected to discrimination and retaliation because of his race while employed at

Endress+Hauser Inc.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

and 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and

(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and

(3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis

Division.

PARTIES

3.      Plaintiff Fredrick Brooks, Jr. is a former employee of Defendant Endress+Hauser

Inc. and an African-American man.  Plaintiff is expressly authorized to bring this action by, and

pursuant to Title VII of the Civil Rights Acts of 1964 and jurisdiction is based on 28 U.S.C. §

1331, and Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42

U.S.C. § 1981a.  Jurisdiction is based on 28 U.S.C. § 1331.

4.      At all relevant times, Defendant Endress+Hauser Inc., has continuously been a

domestic, for profit corporation doing business in the State of Indiana and the City of

Greenwood, Indiana and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Endress+Hauser Inc., has continuously been an

employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g)

and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty (30) days prior to the institution of this lawsuit, Plaintiff Fredrick

Brooks, Jr. filed a Complaint of Discrimination (Charge No. 470-2021-01619) with the U.S.

Equal Employment Opportunity Commission (hereinafter "EEOC") alleging violations of Title

2

VII of the Civil Rights Act of 1964 (Title VII) by Defendant Employer.  *See* Exhibit 1. The EEOC issued a Dismissal and Notice of Rights dated July 31, 2022.  Plaintiff received the notice on or about August 2, 2022.  *See* Exhibit 2. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least June 15, 2020, Defendant Employer has engaged in unlawful employment practices at its Greenwood, Indiana location in violation of Section 703(a)(1) of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e-2(a)(1).  Defendant Employer subjected Plaintiff to discrimination and retaliation based on his race.

8.      The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect their status as an employee, because on their race.

9.      The unlawful employment practices complained of above were intentional and reckless.

10.      The unlawful employment practices complained of above were done with malice and reckless indifference to the federally protected rights of Plaintiff.

FACTS

11.       Plaintiff Fredrick Brooks, Jr. is an African-American man who has been constructively discharged after being denied promotion opportunities throughout his employment.

12.      Plaintiff began working for Endress+Hauser Inc. in October 2014 as an Associate Level Sales Order Specialist.

13.     There are three levels of Sales Order Specialists positions: Associate, Intermediate and Senior.

14.     Although Plaintiff expressed interest in obtaining higher levels of responsibility and promotion, he was never promoted beyond the Associate level.

15.     In 2016, Plaintiff received a letter of recommendation from his first supervisor, Bill Darnell, Sales Order Manager, that stated he was performing at a higher level than his colleagues, but he was still not able to obtain a promotion.

16.     There were two White women who were hired in 2016, that Plaintiff helped to interview one of them and helped train both of them for their positions as Sales Order Specialists, who were promoted to the higher levels within two years.

17.     Plaintiff continued to perform more complex tasks than his colleagues, who were promoted to higher levels, but still did not receive any clear indication that he was on the track to being promoted to a different level of Sales Order Specialist.

18.     Plaintiff made multiple attempts to discuss his concerns with Human Resources and managers who were brought into his department without any success.

19.     In June 2020, Plaintiff was able to have a telephone meeting with Todd Lucey, General Manager of Sales Center US, and Brandyn Ferguson, Director of Human Resources, to discuss his concerns and frustrations with what appeared to be a racial disparity for promotion. Although Lucey and Ferguson seemed receptive, Brooks remained in the same position.

20.     Plaintiff's most recent supervisor, Marcel Nieten, Sales Order Manager, also inquired why he was not promoted to a higher level, but was not given a specific reason for why Plaintiff's White colleagues were able to be promoted when he was not.

21.     Marcel Nieten also mentioned to Plaintiff in a phone conversation on Tuesday, March 2, 2021 at 12:26 pm that as of that day, Brooks was the only Sales Specialist on the team that was still at an Associate's level at the time she took over the role.

22.     In March 2021, Plaintiff constructively discharged because it was apparent there were no growth opportunities for him with the company.

23.     Plaintiff believes that he has been subjected to discrimination and retaliation based on his race in violation of Title VII of the Civil Rights Act.

24.     On or about April 8, 2021, Plaintiff Fredrick Brooks, Jr. filed a Complaint of Discrimination (Charge No. 470-2021-01619) with the U.S. Equal Employment Opportunity Commission regarding race discrimination and retaliation against Defendant Employer.

25.     On or about July 31, 2022, the EEOC issued a Dismissal and Notice of Rights for Plaintiff's EEOC Charge.

26.     The Conduct of the Defendant, which is complained of herein is in violation of the Civil Rights Act of 1964, (Title VII) as amended.

PRAYER FOR RELIEF

Wherefore, the Plaintiff seeks the following relief from discrimination and respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on race and any other employment practice which violates federal employment law.

B.      Order Defendant Employer to institute and carry out policies practices, and programs which protect employees from race discrimination and provide equal employment opportunities for employees, regardless of race or other protected classes, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to make Plaintiff whole by providing compensation for any past and future pecuniary losses (back pay and front pay) resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D.      Order Defendant Employer to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.      Order Defendant Employer to pay Plaintiff punitive damages for its intentional, malicious and reckless conduct described above, in amounts to be determined at trial.

F.      Grant such further relief to the Plaintiff, as the Court deems necessary and proper in the premises.

G.      Award the Plaintiff their costs, including attorney fees, pursuant to 42 U.S.C. §12205 and 42 U.S.C. §2000e-5(k) in this action.

JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

By:      /s/Michelle Smith Scott_____
         Michelle Smith Scott, Atty. ID #18983-49A
         120 E. Market St., Suite 305
         Indianapolis, IN 46204
         Telephone:  (317) 371-3667
         Facsimile:  (317) 376-7043
         Email: msmithscott@aol.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing *Complaint* has been served by U.S.

Mail, postage prepaid, this 21st day of October, 2022, upon:

Endress+Hauser Inc.
2350 Endress Place
Greenwood, IN 46143

/s/Michelle Smith Scott_____
Michelle Smith Scott, Esq.

Michelle Smith Scott
120 E. Market St., Suite 305
Indianapolis, IN 46204
Telephone:  (317) 371-3667
Facsimile:  (317) 376-7043